FILED
2015 Feb-24  PM 01:44
U.S. DISTRICT COURT
N.D. OF ALABAMA


# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| EDWARD STONE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.: 1:15-CV-0105-VEH** |
| | ) |
| URS ENERGY & | ) |
| CONSTRUCTION, INC., | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

### I.    Introduction

Plaintiff Edward Stone ("Mr. Stone") initiated this action against Defendant URS Energy & Construction, Inc. ("URS"),[1] in the Circuit Court of Calhoun County, Alabama, on November 12, 2014. (Doc. 1-1 at 4).[2] Mr. Stone filed a second complaint in state court on December 11, 2014. (*Id.* at 17-21). URS removed the lawsuit to federal court on January 21, 2015, on the basis of diversity jurisdiction. (Doc. 1 at 1; *id.* at 3 ¶ 6).

Pending before the court is URS Motion for More Definite Statement (Doc. 4)

---

[1]   Mr. Stone actually sued "New AR Corporation," but pursuant to the court's order of substitution (Doc. 8) entered on February 24, 2015, the correctly named defendant is URS Energy & Construction, Inc.

[2]   All page references to Doc. 1-1 correspond with the court's CM/ECF numbering system.

(the "Motion") filed on January 28, 2015. Mr. Stone never has filed any opposition to the Motion, which under Appendix III to the court's uniform initial order (Doc. 2) was due on February 11, 2015. (*See* Doc. 2 at 23 ¶ B.2 ("The opponent's responsive brief shall be filed no later than fourteen (14) **calendar** days thereafter.")). Moreover, although Mr. Stone filed an amendment to his complaint (Doc. 7) on February 20, 2015, he limited the scope of that modification to simply substituting for the correct name of the defendant. (*See* Doc. 7 at 1 ("amend[ing] his complaint to more properly identify the defendant [only] . . .")). Against this backdrop, the Motion is now ready for disposition, and, for the reasons explained below, is **GRANTED**.

## II.   Standards

### A.   Rule 12(e)

Rule 12(e) of the Federal Rules of Civil Procedure provides:

> **(e) Motion for a More Definite Statement.** A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

As the former Fifth Circuit has explained the standard on motions for a more

definite statement:

> The motion for more definite statement, on the other hand, involves, within the applicable standards of that rule, the exercise of that sound and considered discretion committed unavoidably and properly to the Trial Judge as he presides over the continuous process of adjudication from commencement of the litigation through pleadings, pretrial discovery, trial, submission and decision.
>
> Under 12(e) the Court must determine whether the complaint is such that 'a party cannot reasonably be required to frame a responsive pleading.' But the fact that a careful Judge, in the exercise of that wise discretion controlled by the prescribed principles of that rule, might so conclude does not permit him to dismiss the complaint for failure to state a claim. 'It may well be that petitioner's complaint as now drawn is too vague, but that is no ground for dismissing his action. * * *.' *Glus v. Brooklyn Eastern District Terminal*, 1959, 359 U.S. 231, 79 S. Ct. 760, 763, 3 L. Ed. 2d 770, 774.

*Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).[3]

## B.    Mr. Stone's Failure to Oppose

Mr. Stone's failure to file any opposition does not automatically mean that the Motion is due to be granted. As explained by Judge Steele in *Branch Banking and Trust Co. v. Howard*, No. 12–0175–WS–N, 2013 WL 172903, *1 (S.D. Ala. Jan. 16, 2013), in the context of a Rule 12(b)(6) motion that was unopposed by the non-movant:

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

As noted, Churchill and Howard elected not to be heard in response to BB & T's Amended Motion to Dismiss. Notwithstanding that omission, BB & T (as Rule 12(b)(6) movant) bears the initial burden of demonstrating that it is entitled to dismissal of the counterclaims. Churchill's and Howard's lack of response to the Rule 12(b)(6) Motion does not trigger the kneejerk granting of such Motion on an abandonment theory. *See Gailes v. Marengo County Sheriff's Dep't*, 2013 WL 81227, *5 (S.D. Ala. Jan. 4, 2013) ("the Court will not treat a claim as abandoned merely because the plaintiff has not defended it in opposition to a motion to dismiss"). Rather, it remains BB & T's burden as movant to establish its entitlement to relief under Rule 12(b)(6). In light of these circumstances, the Court scrutinizes BB & T's Motion to Dismiss in accordance with the following legal standard: "the Court will review the merits of the [movant]'s position and, if it is clearly incorrect or inadequate to satisfy the [movant]'s initial burden, will deny the motion despite the [nonmovant]'s failure to respond. If, however, the [movant]'s presentation is adequate to satisfy its initial burden, the Court will not deny the motion based on arguments the [nonmovant] could have made but by silence elected not to raise." *Id.*

*Branch Banking*, 2013 WL 172903, *1 (footnotes omitted).

## III.  Analysis

The court has studied the allegations of Mr. Stone's most recently filed state court pleading (Doc. 1-1 at 17-21), which contains two counts. Count I alleges in part that URS owes him a "retention bonus [that] equals or exceeds $90,000.00 . . . ." (Doc. 1-1 at 18). Count II asserts that URS owes Mr. Stone "in addition to the benefits set out in Count I of this complaint, the sum of approximately $12,000.00 … [in] severance benefits." (Doc. 1-1 at 20 ¶ 15); *see also* (Doc. 4 at 2 ("Plaintiff's Complaint contains two counts seeking damages for the alleged failure to pay a

4

'retention bonus' and 'severance payment.'"")).

However, missing from Mr. Stone's complaint are any "specific law(s) that he alleges URS [has] violated [*i.e.*, federal, state, or both] and the specific cause(s) of action he is asserting [under such law(s)]." (Doc. 4 at 2). Additionally, Mr. Stone confusingly alleges at the beginning of his complaint that he is seeking "worker's compensation benefits" (Doc. 1-1 at 17), even though factually he makes no reference to any on-the-job personal injury that he has suffered. Accordingly, the court agrees with URS that requiring Mr. Stone to file a more definite statement of his claims, including the identification within each count of the specific federal and/or state law(s) which he maintains URS has violated, is appropriate.

Each one of Mr. Stone's claims against URS needs to be pled in a separate court. Further, the deadline for Mr. Stone to provide a more detailed complaint is on or before March 9, 2015. Finally, the failure to replead as required herein may result in a dismissal of Mr. Stone's case without prejudice.

## IV.    Conclusion

Thus, URS's Motion is **GRANTED** and, Mr. Stone is **HEREBY ORDERED** to replead his complaint on or before March 9, 2015.

**DONE** and **ORDERED** this 24th day of February, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge