FILED
 2015 Apr-15 PM 04:39
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **EDWARD STONE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 1:15-CV-0105-VEH |
| | ) |
| **URS ENERGY &** | ) |
| **CONSTRUCTION, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.   Introduction and Procedural History**

Plaintiff Edward Stone ("Mr. Stone") initiated this action against Defendant URS Energy & Construction, Inc. ("URS"),[1] in the Circuit Court of Calhoun County, Alabama, on November 12, 2014. (Doc. 1-1 at 4).[2] Mr. Stone filed a second complaint in state court on December 11, 2014. (*Id.* at 17-21). URS removed the lawsuit to federal court on January 21, 2015, on the basis of diversity jurisdiction. (Doc. 1 at 1; *id.* at 3 ¶ 6) and, on January 28, 2015, filed a Motion for More Definite Statement. (Doc. 4).

---

[1]  Mr. Stone actually sued "New AR Corporation," but pursuant to the court's order of substitution (Doc. 8) entered on February 24, 2015, the correctly named defendant is URS Energy & Construction, Inc.

[2]  All page references to Doc. 1-1 correspond with the court's CM/ECF numbering system.

On February 20, 2015, Mr. Stone filed an Amendment to Complaint so as To More Properly Identify Defendant (Doc. 7) (the "First Amendment"). Within this document, Mr. Stone identified URS as the proper party defendant and "re-allege[d] each and every material averment of plaintiff's original complaint as if set out herein against defendant URS Energy & Construction, Inc." (Doc. 7 at 1 ¶ 2).

On February 24, 2015, the court ordered Mr. Stone to file a more definite statement of his claims. (Doc. 9). In response to this order, Mr. Stone filed an Amendment to Complaint (Doc. 10) (the "Second Amendment") on March 2, 2015.

Pending before the court is URS's Renewed Motion for More Definite Statement (Doc. 11) (the "Renewed Motion") filed on March 19, 2015. After obtaining an extension of time, Mr. Stone, on April 14, 2015, filed both a response (Doc. 16) to the Renewed Motion and an Amendment To Complaint (Doc. 17) (the "Third Amendment"). Against this backdrop, the Renewed Motion is now ready for disposition and, for the reasons explained below, is **GRANTED**.

## II.   Rule 12(e) Standard

Rule 12(e) of the Federal Rules of Civil Procedure provides:

> **(e) Motion for a More Definite Statement.** A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and

the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

As the former Fifth Circuit has explained the standard on motions for a more definite statement:

> The motion for more definite statement, on the other hand, involves, within the applicable standards of that rule, the exercise of that sound and considered discretion committed unavoidably and properly to the Trial Judge as he presides over the continuous process of adjudication from commencement of the litigation through pleadings, pretrial discovery, trial, submission and decision.
>
>    Under 12(e) the Court must determine whether the complaint is such that 'a party cannot reasonably be required to frame a responsive pleading.' But the fact that a careful Judge, in the exercise of that wise discretion controlled by the prescribed principles of that rule, might so conclude does not permit him to dismiss the complaint for failure to state a claim. 'It may well be that petitioner's complaint as now drawn is too vague, but that is no ground for dismissing his action. * * *.' *Glus v. Brooklyn Eastern District Terminal*, 1959, 359 U.S. 231, 79 S. Ct. 760, 763, 3 L. Ed. 2d 770, 774.

*Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).[3]

### III.   Analysis

Mr. Stone's First, Second, and Third Amendments do not provide a more

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

definite statement of his claims. Instead, his piecemeal approach to pleading results in a more confusing one. In particular, while Mr. Stone's series of amendments purport to all be linked together, the scope of the allegations and the number of counts that are pled against URS remain ambiguous.

As URS explains in its Renewed Motion specifically concerning the unclear nature of Mr. Stone's Second Amendment:

> As the amendment is written, defendant is unable to determine what portions of the original complaint plaintiff is amending and what portions of the original complaint plaintiff is reasserting. Moreover, because the new claims are numbered as Counts III and IV, it appears that plaintiff is retaining Counts I and II from the original complaint and simply adding two additional claims. Thus, the same issues previously asserted in defendant's Motion for More Definite Statement still apply—plaintiff has failed to identify the specific laws that he alleges URS violated and the specific causes of action asserted in Counts I and II.
>
> Accordingly, URS respectfully requests that the Court order plaintiff to clearly set forth his complaint allegations in one pleading, including in each count the specific laws that he alleges URS violated and the specific causes of action asserted, or alternatively, URS requests that the Court enter an order of dismissal.

(Doc. 11 at 4 ¶¶ 6-7).

Mr. Stone's Third Amendment is similarly ill-structured as it alleges Counts V and VI against URS (Doc. 17 at 1-7 ¶¶ 3-36; *id.* at 7-9 ¶¶ 37-47) without mentioning, much less clarifying, whether he intends for Counts I through IV to be

retained or replaced by this Third Amendment. Under such circumstances of incoherency, URS cannot reasonably be expected to file a responsive pleading to Mr. Stone's First, Second, and Third Amendments.

Accordingly, the Renewed Motion is **GRANTED**, and Mr. Stone is **HEREBY ORDERED** to replead <u>all</u> his allegations <u>and</u> counts against URS <u>in one complete complaint</u>. When restating his claims, Mr. Stone is also **HEREBY ORDERED** to adhere to all the additional pleading requirements set forth in the court's previously referenced memorandum opinion and order (Doc. 9) entered on February 24, 2015.

The deadline for Mr. Stone to provide a more detailed and comprehensive complaint is on or before April 30, 2015. **<u>Finally, another failure on the part of Mr. Stone to replead in a more definite manner will result in a dismissal of his lawsuit with or without prejudice</u>**.[4]

## IV. Conclusion

Thus, URS's Renewed Motion is **GRANTED** and, Mr. Stone is **HEREBY ORDERED** to replead his complaint on or before April 30, 2015.

---

[4] Notably, this is Mr. Stone's <u>second</u> dismissal warning. (*See* Doc. 9 at 5 ("Finally, the failure to replead as required herein may result in a dismissal of Mr. Stone's case without prejudice.")).

**DONE** and **ORDERED** this 15th day of April, 2015.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge